PER CURIAM:
Claimants brought this action for damage to claimant Amanda Bradford’s 2000 Ford Ranger which occurred when claimant Rodney Twyman was operating the vehicle on State Route 46 in Mineral County near Piedmont, and the vehicle struck several large rocks lying in the road causing damage to the vehicle. Respondent was responsible at all times herein for the maintenance of State Route 46. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred between 6:00 to 6:30 p.m. on February 20, 2001. Rodney Twyman had just dropped Amanda Bradford off at her place of employment in Keyser. Afterwards, he drove west on State Route 46 and stopped for a short period of time at his brother’s home. He then proceeded to his home in Piedmont still traveling west on State Route 46. It was just getting dark outside and Mr. Twyman had the vehicle headlights on. Mr. Twyman testified that he had just reached the crest of a small hill on the road and was coming down the other side of the hill when suddenly he saw numerous rocks in his lane of travel. He stated that he swerved over into the left lane to avoid the larger rocks, but saw an oncoming vehicle and was forced back into his lane where his vehicle struck several large rocks. He testified that he could not maneuver to the left because of a steep hill and there was oncoming traffic in the other lane of travel. He described the rocks in the other lane as small, while the rocks in his west bound lane were much larger. He described some as being larger than basketballs. The vehicle struck a few of these rocks causing significant damage including a burst tire, a bent rim, and a bent frame. Claimants also had to have a new torsion bar and the vehicle realigned.
The vehicle was leased by Ms. Bradford through Ford Credit beginning in June of 2000. She is the sole lessee. However, both Ms. Bradford’s and Mr. Twyman’s names are on the insurance policy and both parties have paid out-of-pocket expenses for the damage caused to the vehicle. The claimants had full coverage on the vehicle with a $500.00 deductible, but they chose not to submit this claim to their insurer. Claimants did submit three paid invoices into evidence which totaled $650.21. However, claimants are limited to their insurance deductible in the amount of $500.00 in the event that any award were to be granted.
Claimants contend that respondent knew or should have known that there was a potential hazardous condition for rock falls at the location of this incident and that it failed to warn the traveling public of this hazard and failed to remedy it. According to the claimants, the respondent’s negligence was the proximate cause of the damages to the vehicle.
Respondent asserts that it did not have notice that the location of this incident presented a rock fall hazard to the traveling public and that it is not responsible for the damage caused to the claimant’s vehicle.
Mr. Twyman testified that State Route 46, also referred to at this location as Piedmont Road, is a two lane blacktopped road with double yellow center lines and white lines on the edges. At the location of this incident, Mr. Twyman described the road as somewhat zig-zagging. He stated that he had never seen rock falls along this portion of road. He travels this road often including on his way to and from work. Mr. Twyman testified that there is no guardrail at this location and that the rocks must have rolled off of the steep hill on the opposite side of the road. According to Mr. Twyman, most of the large rocks landed in his lane which is the west bound lane of *191 travel. He testified that he had no choice but to strike the rocks in the road given the oncoming vehicles and the steep drop-off on the left side of the road. Although he was able to apply the brakes quickly, the vehicle was almost on top of the rocks before he first saw them. Mr. Twyman stated that there are rock fall warning signs located approximately two miles away from the location of this incident near Keyser.
John B. Lusk, respondent’s County Maintenance Supervisor in Mineral County, is responsible for the maintenance of State Route 46 and for responding to any complaints from the public regarding roadway hazards. He is familiar with State Route 46 including the location of this incident. He testified that he was unaware of any rock falls at this location prior to the incident at issue. He did not receive any notice until the following morning regarding this rock fall. He was notified that there were rocks along the edge of the road. He dispatched an employee with a snow plow to plow the rock out of the way and had the remainder removed. Mr. Lusk stated that there are rocks frequently found on State Route 46. There are falling rock warning signs located near Keyser to warn travelers of rock fall hazards at that particular location which is a known rock fall location. One rock fall warning sign is approximately 1/10 of a mile west of Keyser and the second rock fall warning sign is located approximately one mile west of Keyser. One sign is for east bound traffic while the other is for west bound traffic. However, Mr. Lusk stated that these signs are approximately one and one-half miles to two miles from the location of this incident. They are not intended to cover the location of this incident, nor the entire five mile length of road between Keyser and Piedmont. Mr. Lusk testified that other than the posted area near Keyser there are not regular rock slides along this portion of road. He stated that there may be an occasional rock on the road due to the mountainous terrain that is straight up and down and adjacent to the road, but that the location of this incident is not known as having a history of prior rock falls.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va 645; 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). This Court has held that the unexplained presence of rocks or debris on the road without a showing that respondent had notice of a dangerous condition posing a risk to the traveling public is insufficient evidence to justify an award. Hammond v. Dept. of Highways, 11 Ct. Cl. 234 (1977); Coburn v. Dept. of Highways 16 Ct. Cl. 68 (1977).
In the present claim, claimants failed to establish that respondent had prior notice of a rock fall at this location or that this location presented a hazardous condition for rock falls to the traveling public. The Court is not unsympathetic to the claimants’ position; however, in view of the foregoing, the Court is constrained by the evidence to and does deny this claim.
Claim disallowed.